PETER KENNEY *v.* THE STATE, (Henry H. Ide, Complainant.)

PETER KENNEY *v.* THE STATE, (Henry H. Ide, Complainant.)

In an application for a writ of *certiorari* for the correction of errors in criminal proceedings before a magistrate, the court is bound to intend, in support of the conviction, that the proof justified the magistrate in finding the prisoner guilty of a simple assault, although the complaint charged it to have been made with aggravation, which, if proved, would have required a different sentence upon, or disposition of, the prisoner.

Where the time when an offence was committed is not a constituent of it, the omission to state it in a criminal complaint is a defect of form merely, and, as such, aided by ch. 222, § 4, of the Revised Statutes.

A charge in a criminal complaint of an assault on two persons, is not bad, as a charge in one count of distinct offences; and upon an application for a writ of *certiorari*, for the correction of errors, will be presumed, after conviction, to have been supported by proof corresponding to the charge.

A warrant of commitment of a convict should not conclude with a general order to the keeper of the jail safely to keep the prisoner "*until he be discharged by due order of law,*" but should distinctly state the terms on which the convict is entitled to his discharge. Such an error is not ground for a writ of *certiorari ;* but if the convict, after having complied with the terms of his sentence, should be detained under such a commitment by the keeper, he will be freed from his illegal restraint by the proper process.

THESE were applications for writs of *certiorari,* to be directed to Samuel B. Parker, a justice of the peace for the town of Cranston, requiring him, for certain causes in said applications set forth, to bring up to this court, for the correction of errors apparent in the same, the records of two convictions of the applicant for assaults, under which he was confined in the state's jail for the county of Providence. Upon the exhibition of certified copies of the proceedings before the justice, the court ordered rules to be entered up, calling upon Henry H. Ide, the prosecutor, to show cause, if any he had, why the writs applied for should not be issued, and the convictions quashed, for the reasons set forth in the applications, and cited him to appear at a time appointed by the court for hearing the applications.

It appeared at the hearing, that the applicant was, on the 3d day of October, 1858, arraigned before the justice, upon two complaints and warrants ; in one of which it was charged, that "*at Cranston, in said county, on the first day of October,* A. D. *1858, with force and arms, Peter Kenney, laborer, of said Crans-*

ton, *in said county of Providence, did commit a violent assault on the body of Henry H. Ide, by threatening to kill him with an uplifted axe;*" and in the other of which it was charged, that the said Peter did, at the same time and place, "*commit a violent assault upon the bodies of Betsey H. Ide, and Julia C. Ide, breaking into the house of Henry H. Ide, in the night time, and threatened to kill Betsey H. Ide, and Julia C. Ide, with an uplifted hatchet in his hands.*" The applicant was adjudged guilty upon both complaints, and upon each, sentenced to pay a fine of twenty dollars and costs, and to give bond in the sum of two hundred and fifty dollars to keep the peace, &c.; and upon noncompliance with the sentences, was committed, under each sentence, to the state's jail for the county of Providence; the warrants of commitment requiring the keeper of the jail him safely to keep "*until he be discharged by due order of law.*"

The grounds of the applications are sufficiently stated in the opinion of the court.

*William H. Sanford,* for the applicant.

AMES, C. J. The suggestion that the sentences are erroneous because they are not appropriate to the offences charged in the complaints, supposes, that the assaults were proved to have been made with the aggravating circumstances charged. In support of the convictions we are bound to intend the precise contrary; and, as is possible, that no more of these were proved than would justify the magistrate in fining the prisoner for simple assaults, which, upon such complaints as these, it was quite competent, and in supposable states of the proof, quite proper for him to do.

Another objection to these convictions, that no time is laid in the complaints at which the offences were committed, is not supported by the copies exhibited to us; and if it were, would not avail the applicant, considering the provision of ch. 222, § 4, of the Revised Statutes. Time is not material to such charges as these, other than as giving legal certainty to them; and without it, the charges are defective rather *in the manner* of stating them, that is, *in form,* than in any substantial constituent of the offences, that is, *in substance.* The statute provision just referred to, that "no indictment or other criminal process

shall be abated or quashed for any want of form," seems to us applicable to such a defect, since we cannot see how the prisoner was prejudiced by it in his pleas or defences, or can be, if arraigned a second time for the same offences.

Again it is said, that one of these complaints is bad, because it charges *two distinct* offences in one count, by charging an assault upon *two persons*, Betsey H. and Julia C. Ide. It is true that in *Rex* v. *Clendon*, 2 Stra. 870, S. C. 2 Ld. Raym. 1572, an indictment was held bad upon this ground. In *Rex* v. *Benfield*, 2 Burr. 983, 984, however, the King's Bench overruled this case, declaring " it not to be law ; " and asked, with some significance, " Cannot the king call a man to account for a breach of the peace, because he broke *two* heads instead of one ? " The precise point decided in this case was, that an information charging a libel upon two *might* be supported ; and if so, there seems to be no reason why the charge of an assault upon two, may not, provided, which we are bound to presume upon such an application as this, the proof correspond with the charge.

Lastly, the warrants of commitment, it is said, are too general in their concluding order to the keeper of the jail, to keep the applicant " *until he be discharged by due order of law.*" It is true, that although they correctly recite the terms of his sentences, they should have been more specific to the keeper in this respect, so as to leave nothing to his judgment or discretion, as to when, or under what circumstances the applicant was entitled to his discharge. Such a defect, however, is no ground for a writ of *certiorari.* If the keeper of the jail should detain the applicant under these warrants after he had fulfilled the terms of his sentences, it will be time enough for him to ask, and quite easy for the court to afford him, relief.

<em>The applications must be denied.</em>